```
          FILED            RECEIVED
          ENTERED          SERVED ON
                    COUNSEL/PARTIES OF RECORD

              DEC 2 9 2010

          CLERK US DISTRICT COURT
            DISTRICT OF NEVADA
    BY:                        DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOLENE HUNT, | 3:10-CV-00350-RCJ-(VPC) |
| Plaintiff, | **ORDER** |
| v. | |
| DOROTHY MARTIN, individually and in her official capacity as Division Chief of the State of Nevada Department of Transportation, and STATE OF NEVADA, ex rel. its Department of Transportation, | |
| Defendants. | |

Presently before the Court is Plaintiff Jolene Hunt's Motion to Strike (#8) and Defendant State of Nevada ex rel. its Department of Transportation (the "State of Nevada")'s Motion to Dismiss (#10). The motions have been haphazardly briefed. The Court held oral argument on September 27, 2010. Defense counsel failed to appear at the scheduled time. The Court now issues the following order. IT IS HEREBY ORDERED that Plaintiff's Motion to Strike (#8) IS DENIED and the State of Nevada's motion to dismiss (#10) is GRANTED.

## I. BACKGROUND

On February 17, 2009, Plaintiff filed her complaint against the State of Nevada and Defendant Dorothy Martin, individually and in her capacity as Division Chief of the Nevada Department of Transportation, in the Second Judicial District Court of the State of Nevada.

1

On February 25, 2009, summons and a copy of the complaint were delivered to the Director's Office of the Nevada Department of Transportation. On February 26, 2009, summons and a copy of the complaint were served upon Division Chief Martin. On May 24, 2010, after the State of Nevada's counsel had repeatedly alerted Plaintiff to her defective service, a summons and a copy of the complaint was served upon the Office of the Attorney General.

On May 26, 2010, the State of Nevada filed a motion to dismiss Plaintiff's complaint against it for failure to effect timely service. Plaintiff did not file a timely response, even after the court granted an extension of time to respond.

On June 10, 2010, the last day for Plaintiff to file her response, Defendants removed the action to federal court.

On June 24, 2010, Plaintiff filed a motion to strike the State of Nevada's motion to dismiss that had been filed in the state court and attached to the petition for removal. The motion to strike lacked an accompanying memorandum of support.

On June 25, 2010, the State of Nevada filed an opposition to the motion to strike and reply in support of its motion to dismiss. On June 28, 2010, the State of Nevada filed its motion to dismiss anew in this Court. Plaintiff filed a reply to the opposition to its motion to strike on August 2, 2010.[1]

## II. ANALYSIS

Sufficiency of process prior to removal is determined under state law. *Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993), *overruled on other grounds*, *Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). Nevada has waived its sovereign immunity subject to restrictions. One restriction is that:

> In an action against the State of Nevada, the summons and a copy of the complaint must be served upon:
> (a) The Attorney General, or a person designated by the Attorney General, at the Office of the Attorney General in Carson City; and

---

[1] A party only has 11 days after the service of a response to file a reply. LR 7-2(c).

        (b) The person serving in the office of administrative head of the named agency.

Nev. Rev. Stat. § 41.031(2). "All . . . service and process issued or ordered by a court of competent jurisdiction wherein the Department [of Transportation] is named as a defendant must be personally served upon both the Director and the Chair of the Board or, in the absence of the Director and the Chair of the Board, the process must be served personally upon both the Secretary of State and one of the Deputy Directors." Nev. Rev. Stat. § 408.116(1).

In Nevada, "[i]f a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion, unless the party on whose behalf such service was required files a motion to enlarge the time for service and shows good cause why such service was not made within that period." Nev. R. Civ. P. 4(i).

Plaintiff argues that she effected sufficient service under the Federal Rules by serving Managing Agent Marianne Isaacs on behalf of the State of Nevada on February 25, 2009. Plaintiff relies on Rule 4(j) of the Federal Rules of Civil Procedure, which allows service of a state government in federal court by "delivering a copy of the summons and of the complaint to its chief executive officer." Fed. R. Civ. P 4(j)(2)(A). Plaintiff's argument fails first because the Federal Rules do not govern service prior to removal and second because Isaacs was not Nevada's chief executive officer.

Next Plaintiff argues that service was properly effected on the State of Nevada on May 26, 2010. This may be true, but this far exceeds the 120-day limit for service and Plaintiff has made no attempt to argue good cause for her failure to meet the deadline.

Finally, Plaintiff argues that the State of Nevada's motion to dismiss is moot because it was lodged in the state court under state rules while federal rules govern the present action. Whether or not the State of Nevada's motion cites Rule 12 of the Federal Rules of Civil Procedure is immaterial as long as it is authorized and meritorious under the

1  federal rules.

2  In sum, Plaintiff has offered no justifications for his failure to timely serve the State
3  of Nevada. Therefore, the Court must dismiss the complaint against the State of Nevada
4  without prejudice.  See Nev. R. Civ. P. 4(I).

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's Motion to Strike (#8) IS DENIED.

IT IS FURTHER ORDERED that the State of Nevada's motion to dismiss (#10) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint against the State of Nevada is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: December 29, 2010

_____
Robert C. Jones
UNITED STATES DISTRICT JUDGE